**Richard SMITH, Plaintiff–Appellant,**

v.

**UNUM PROVIDENT CORPORATION and The Paul Revere Life Insurance Company, Defendants–Appellees.**

No. 02–1550.

United States Court of Appeals,
Sixth Circuit.

Dec. 12, 2003.

Gerald F. Posner, Posner, Posner and Posner, Detroit, MI, for Plaintiff–Appellant.

K. Scott Hamilton, Dickinson, Wright, PLLC, Detroit, MI, for Defendants–Appellees.

Before GUY and GILMAN, Circuit Judges; and REEVES, District Judge.[*]

## OPINION

GILMAN, Circuit Judge.

Richard Smith appeals the district court's decision to affirm the determination by the administrator of his employer's long-term disability plan, UNUM Provident, that he was not totally disabled and therefore not entitled to the Plan's benefits. Smith argues that the district court should have applied a "heightened" arbitrary-and-capricious standard of review to UNUM's decision because UNUM's position as both the insurer and the administrator of the Plan creates a significant conflict of interest. He also contends that UNUM acted unreasonably in relying on the opinion of its physician concerning Smith's medical condition, rather than on the opinions of Smith's treating surgeon and his cardiologist. For the reasons set forth below, we AFFIRM the judgment of the district court.

The district court set out detailed findings of fact in its memorandum opinion. Rather than repeating those findings here, we will simply summarize the main points. Smith was a mortgage loan officer who had an extensive history of cardiac problems. His disability claim arose after Dr. Francis Shannon performed coronary artery bypass surgery on Smith in February of 1999. Dr. Shannon concluded that Smith's recovery had gone exceptionally well and that Smith's performance on a subsequent stress test demonstrated a marked improvement. Nonetheless, Dr. Mazen Shoukfeh, Smith's treating cardiologist, concluded that his patient's severe coronary artery disease would prevent Smith from ever returning to work.

Smith applied to UNUM for long-term disability benefits, stating that he was totally disabled and unable to return to work as a result of the February surgery. UNUM had Smith's entire medical file reviewed by a board-certified cardiologist, Dr. Michael Geer. Dr. Geer concluded that there was nothing in Smith's medical record to indicate that Smith's return to work would influence his cardiac disease. He also noted that Smith had no history of stress-induced ischemia or angina. On the basis of Dr. Geer's report, UNUM denied Smith's request for long-term disability benefits.

Smith sought review of UNUM's decision and submitted a second letter from Dr. Shannon in support of his disability claim. The letter, however, was equivocal. Dr. Shannon agreed with Dr. Geer's conclusion that Smith had suffered no measurable deficits from his February heart operation. Although recognizing in general that stress is a potential risk factor for coronary artherosclerosis, Dr. Shannon acknowledged that he was unfamiliar with the level of stress that Smith experienced at work. The most he would say is that "disability *may be* warranted" for Smith in order to prevent accelerated occlusion of the arterial grafts that were implanted as part of the February surgery. (Emphasis added.)

A UNUM clinical consultant, Rebecca Lager, performed an additional review of Smith's records, including the second letter from Dr. Shannon. Ms. Lager noted that while stress might accelerate the oc-

[*] The Honorable Danny C. Reeves, United States District Court Judge for the Eastern District of Kentucky, sitting by designation.

clusion of the grafts that were implanted in Smith, there was no medical evidence that the grafts were in the process of premature occlusion. She also reiterated that Smith had no documented history of stress-induced ischemia or angina. Based upon Ms. Lager's review, UNUM upheld its initial denial of benefits. Smith subsequently filed suit in district court.

■ The district court engaged in a thorough analysis of the factual and legal issues presented in this appeal. We therefore adopt, in its entirety, the well-reasoned opinion by Judge Rosen. To summarize, we affirm Judge Rosen's determination that because the UNUM Plan clearly vested discretionary authority to determine benefits with the plan administrator, the administrator's decision would be reviewed under the arbitrary-and-capricious standard. Judge Rosen also properly articulated this circuit's rule for addressing the conflict of interest inherent in self-funded plans. The district court's legal analysis appropriately included, as a factor, that UNUM had a financial stake in the outcome of its own decision.

■ We further agree with the district court's ultimate conclusion that UNUM had a reasoned basis upon which to reject Smith's claim for long-term disability benefits. The administrative record reflected that Smith had no medical history of stress-related aggravation of his heart disease, no current symptoms or restrictions that would prevent him from working, and no evidence that his February surgery would fail prematurely. Neither Dr. Shoukfeh's conclusory opinion nor Dr. Shannon's equivocal opinion about Smith's condition warranted a reversal of UNUM's decision under the deferential arbitrary-and-capricious standard of review.

In support of his position below, Smith submitted several decisions from other circuits with facts that were purportedly similar to the present case, where the courts found that the plan administrator acted arbitrarily and capriciously in denying benefits to a plan participant. The district court persuasively distinguished those cases and we find no need to repeat that analysis here. On appeal, however, Smith contends for the first time that this court's decision in *Hoover v. Provident Life & Accident Ins. Co.*, 290 F.3d 801 (6th Cir. 2002), is controlling and requires a reversal in the present case. We disagree.

Mary Hoover, a psychologist, had an extensive history of stress-induced angina and coronary artery disease. Hoover's treating physicians and an independent medical examiner noted that Hoover's occupation involved significant emotional stress, which was the likely cause of her continuing chest pain and discomfort even after a successful coronary bypass surgery. *Id.* at 804–06. The plan administrator denied Hoover's request for disability benefits because the physician hired by the plan concluded that there was no objective evidence to support restricting Hoover's work. Applying the de novo standard of review because the plan administrator lacked discretionary authority under Hoover's plan, this court reversed. The *Hoover* court held that the evidence did not support the denial of benefits where the plan physician disagreed with the treating physicians' opinions but did not refute their findings. *Id.* at 809.

The present case is distinguishable from *Hoover* in several respects. First, unlike Hoover, Smith does not have a record of stress-induced angina and, aside from his own assertion that he felt stress on the job, no evidence was submitted regarding the stress–or lack thereof–related to the occupation of mortgage loan officer. Second, in contrast to *Hoover*, we do not face a situation where there is a consensus among Smith's treating physicians that

flies in the face of the assessment by the Plan's physician. Dr. Shannon did not refute UNUM's findings regarding the objective evidence of Smith's condition. He was also tentative in his recommendation that Smith be placed on long-term disability. Finally, unlike in *Hoover*, UNUM's discretionary authority as plan administrator invokes the arbitrary-and-capricious standard of review, under which we are obliged to give much greater deference to UNUM's decision. *Hoover* does not, therefore, control the outcome of the present case.

We thus AFFIRM the judgment of the district court based upon its memorandum opinion filed on March 29, 2002.